UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LAMONT CARL CHAPPELL,<br><br>Plaintiff,<br><br>v.<br><br>APPLE COMPUTER INCORPORATED,<br><br>Defendant. | Case No. 16-CV-03101-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 23 |

Plaintiff Lamont Carl Chappell, proceeding *pro se*, sues Defendant Apple Computer Incorporated ("Defendant" or "Apple") for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. Before the Court is Defendant's motion to dismiss. ECF No. 23 ("Def. Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS with leave to amend Defendant's motion to dismiss.

**I.   BACKGROUND**

**A.   Factual Background**

Plaintiff is an African-American male. ECF No. 20 (First Amended Complaint, or "FAC"), at. ¶ 4. Plaintiff worked for Defendant, a corporation located in Cupertino, California,

"in various senior manager roles" from 1992 to 1997. *Id.* ¶¶ 5–9. During this period, Plaintiff "had a successful record of achievement." *Id.* ¶ 9.

After working at other companies from 1997 until 2009, *id.* ¶¶ 13–15, Plaintiff began looking for a new job in April 2009 and contacted Defendant, *id.* ¶ 8. Specifically, Plaintiff contacted Jae Allen ("Allen"), the "vice president of Operations division" at Defendant. *Id.* ¶ 10. Plaintiff knew Allen from Plaintiff's prior employment at Defendant. *Id.* Plaintiff asked Allen "to help [Plaintiff] get an interview to join the Operations division in a senior manager or director role." *Id.* Plaintiff states that Allen "complied eagerly, as [Allen] was familiar with [Plaintiff's] prior record at Apple." *Id.*

Allen referred Plaintiff to Walter Freeman ("Freeman"). *Id.* ¶ 11. In August 2010, Freeman interviewed Plaintiff for a position as "Global Sourcing Manager" in AppleCare Field Services. *Id.* ¶ 11 & Ex. A. Within one week of the interview, Plaintiff was informed that Plaintiff was denied the position. *Id.* ¶ 12. Plaintiff states that he was denied the job despite being "the most qualified for the position interviewed for with Walter Freeman." *Id* ¶. 19. According to Plaintiff, Freeman's "qualifications and experience were far inferior to [Plaintiff's], which was very obvious [to Plaintiff] during the interview." *Id.* ¶ 11.

Plaintiff further alleges that he "found out within a week that [he] was denied the position, even though [his] resume and experience far exceeded the Apple manager's [he] interviewed with." *Id.* ¶ 12. Plaintiff then asked Allen whether Plaintiff's consulting company could be considered for a supplier role with Defendant. *Id.* ¶ 20. Allen again directed Plaintiff to Freeman. *Id.* Freeman told Plaintiff that Apple was not interested, but Freeman did not do any "due diligence" into Plaintiff's company prior to rejecting Plaintiff's offer. *Id.*

Plaintiff "continued to have discussions with Apple Inc. from August 2010 to August 2011" in order "to address the discrimination" that Plaintiff alleged about his application process.

2
Case No.16-CV-03101-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

*Id.* ¶ 28.  According to Plaintiff, "[o]n August 18, 2011 Apple Inc. human resources executive Pam Oyanagi officially ended discussions" with Plaintiff about Plaintiff's discrimination allegation.  *Id.* ¶ 29 & Ex. B.

### B.  Procedural History

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 23, 2011. *Id.* ¶ 30.  On March 3, 2016, the EEOC issued Plaintiff a right to sue letter. *Id.* ¶¶ 31–32 & Ex. C.

On June 7, 2016, Plaintiff filed the instant lawsuit against Defendant.  ECF No. 5.  Plaintiff's complaint alleged that Defendant violated Title VII by failing to employ Plaintiff because of Plaintiff's race.  *Id.* at ¶¶ 1–2.  Plaintiff stated that Plaintiff interviewed for positions in Defendant's Computer Operation's Division in August and September 2010.  *Id.* at ¶ 2.  Plaintiff's complaint provided August 2010 as the date that the "alleged discrimination occurred."  *Id.*  Plaintiff stated that he filed an EEOC charge regarding Defendant's conduct in August 2011.  *Id.* at ¶¶ 2–3.

On July 1, 2016, Defendant moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant argued that Plaintiff had failed to timely exhaust his administrative remedies prior to filing the instant lawsuit.  *Id.* at 3.  Specifically, Defendant asserted that Plaintiff filed his administrative charge with the EEOC "a full year after the alleged discriminatory conduct occurred, far beyond the 180-day time period within which Plaintiff was required to file his charge of discrimination."  *Id.* at 3.  Defendant's motion to dismiss also asserted that Plaintiff had failed to state a claim for racial discrimination, even assuming that Plaintiff timely filed his administrative charge.  *Id.* at 8.

Plaintiff amended his complaint on July 22, 2016.  *See* FAC.  Plaintiff's amended complaint included allegations regarding Plaintiff's "continued . . . discussions with Apple Inc.

3
Case No.16-CV-03101-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

from August 2010 to August 2011, to address the discrimination alleged by Plaintiff." *Id.* ¶ 28. In light of Plaintiff's amendment of his complaint, the Court denied as moot Defendant's motion to dismiss on July 24, 2016. ECF No. 21.

On August 5, 2016, Defendant filed a second motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def. Mot. Defendant again asserted that Plaintiff had failed to timely exhaust his administrative remedies and that Plaintiff had failed to state a claim. *Id.* at 5–12. Plaintiff opposed Defendant's motion to dismiss on August 19, 2016. ECF No. 32 ("Pl. Op.").[1] Defendant replied on August 26, 2016. ECF No. 34.

## II. LEGAL STANDARD

### A. Motion to Dismiss

#### 1. Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The party carries that burden by putting forth "the

---

[1] Plaintiff's opposition to Defendant's motion to dismiss refers to numerous specific emails that Plaintiff had with individuals that worked at Apple. Pl. Op. at 2–4. The details of these emails were not alleged in Plaintiff's complaint. For purposes of ruling on Defendant's motion under 12(b)(6), the Court does not consider these additional details as they are outside of the pleadings. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (explaining that, on a motion to dismiss, the Court is limited to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."). The Court does, however, consider the fact that Plaintiff had communications with Defendant from 2010 to 2011, which is alleged in Plaintiff's complaint. *See* FAC ¶ 28. The Court also considers the email that Plaintiff received from Oyanagi, which is attached to Plaintiff's complaint. *Id.* Ex. B.
  Plaintiff's opposition to Defendant's motion to dismiss also raises an "evidentiary objection" to page 2, lines 9–13, of Defendant's motion to dismiss. *Id.* at 5. However, the lines to which Plaintiff objects are Defendant's legal argument, and are thus not asserted by Defendant as "evidence." *See* Def. Mot. at 2. Moreover, because the Court evaluates Plaintiff's complaint in the context of Defendant's motion to dismiss under Rule 12(b)(6), evidence or "evidentiary objections" are not relevant at this stage of the proceedings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("A Rule 12(b)(6) motion tests the legal sufficiency of a claim.").

manner and degree of evidence required" by whatever stage of the litigation the case has reached. *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992).

### 2.      Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B.      Leave to Amend

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger*, *Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

## III.   DISCUSSION

Defendant argues in its motion to dismiss that Plaintiff filed an untimely charge of discrimination with the EEOC. Def. Mot. at 5. Defendant further contends that, even assuming that Plaintiff's EEOC charge was timely, Plaintiff's complaint has failed to state a claim for relief. *Id.* at 9–10. For the reasons discussed below, the Court agrees with Defendant that Plaintiff failed to timely file a charge of discrimination with the EEOC, and accordingly grants with leave to amend Defendant's motion to dismiss.

Plaintiff alleges that Defendant violated Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). More specifically, "*[t]imely* exhaustion of administrative remedies is a statutory requirement to filing suit under Title VII." *Ilaw v. Daughters of Charity Hlth. Sys.*, 2011 WL 4368717, at \*3 (N.D. Cal. Sept. 18, 2011) (emphasis added).

Under Title VII, timely exhaustion occurs when the plaintiff files a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred."

6

42 U.S.C. § 2000e-5(e)(1). If, however, a plaintiff has initially instituted proceedings with a state or local agency with authority to grant relief from the allegedly unlawful employment practice, a plaintiff has "three hundred days after the alleged unlawful employment practice occurred" to file a charge with the EEOC, or a plaintiff has "thirty days after receiving notice that the state or local agency has terminated the proceedings under the State or local law, whichever is earlier." *Id.*

"[A]lthough Title VII requires that plaintiffs timely exhaust administrative remedies, 'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Accordingly, because the timely exhaustion of administrative remedies is not a jurisdictional requirement, the Court will analyze Defendant's exhaustion-of-administrative-remedies argument in the context of Defendant's motion to dismiss under Rule 12(b)(6), failure to state a claim, rather than Rule 12(b)(1), lack of subject matter jurisdiction. *See Taylor v. Blank*, 2014 WL 1577313, at *4 (E.D. Cal. Apr. 17, 2014) (noting that a defendant's exhaustion-of-administrative-remedies argument "must be analyzed under Federal Rule of Civil Procedure 12(b)(6), failure to state a claim, and not Federal Rule of Civil Procedure 12(b)(1), lack of subject matter jurisdiction"); *see also Ilaw*, 2011 WL 4368717, at *3–4 (dismissing a Title VII claim pursuant to Rule 12(b)(6) because plaintiff's failure to timely exhaust his administrative remedies appeared on the face of plaintiff's complaint); *Pellerin v. Huron Consulting Grp., Inc.*, 2010 WL 3769334, at *3 (N.D. Cal. Sept. 22, 2010) (same).

Plaintiff's FAC alleges that he interviewed for a position with Defendant in August 2010. FAC ¶ 11. Plaintiff states that he "found out within a week that [he] was denied the position." *Id.* ¶ 12. The face of Plaintiff's FAC shows, however, that Plaintiff did not file a charge with the

EEOC until August 23, 2011. *Id.* ¶ 30. Accordingly, even assuming that Plaintiff interviewed with Defendant on August 31, 2010, and thus assuming that Plaintiff found out that he was not hired a week later in September 2010, Plaintiff filed his charge with the EEOC well outside of the 180-day window. *See* 42 U.S.C. § 2000e-5(e)(1). Moreover, even if Plaintiff instituted proceedings with a state or local agency prior to filing his charge with the EEOC—a fact that Plaintiff does not allege—Plaintiff's EEOC charge would still be untimely under the longer 300-day window applicable to individuals that have first filed with an authorized state or local agency. *Id.*

Plaintiff contends that his EEOC charge is timely because Defendant "shut off negotiations on [Plaintiff's] discrimination claim" on August 18, 2011. Pl. Op. at 3. Plaintiff attached to his FAC an email that was sent to Plaintiff by Pam Oyanagi ("Oyanagi"), an Apple Employee Relations Consultant, on August 18, 2011. FAC Ex. B. Oyanagi's email refers to Defendant's investigation into Plaintiff's discrimination allegation, and states that "Apple considers this matter closed." *Id.* Plaintiff asserts that he filed his charge with the EEOC soon after receiving this email, on August 23, 2011, within the statutory window. *See* FAC ¶ 30.

Plaintiff's argument is not persuasive. In *Lukovsky v. City and County of San Francisco*, the Ninth Circuit held that the plaintiffs' failure-to-hire claim under 42 U.S.C. §§ 1981 and 1983 accrued on the date that "the plaintiffs received notice they would not be hired," even though the plaintiffs did not know that they were not hired for a *discriminatory reason* until years later. 535 F. 3d 1044, 1048, 1051 (9th Cir. 2008). *Lukovsky*'s holding is equally applicable to failure-to-hire claims brought under Title VII, and it has been applied in Title VII cases where plaintiffs failed to timely exhaust Title VII's administrative remedies. *See, e.g.*, *Rivera v. East Bay Mun. Util. Dist.*, 2016 WL 374180, at *4 (N.D. Cal. Feb. 1, 2016) (applying *Lukovsky* and dismissing Title VII

8
Case No.16-CV-03101-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

claim because the plaintiff failed to timely file an EEOC charge of discrimination within 180 days of receiving notice that he was not hired).

Accordingly, under *Lukovsky*, Plaintiff's Title VII claim accrued at the time that Plaintiff learned that he was not hired. *See Lukovsky*, 535 F.3d at 1051. Here, Plaintiff's FAC alleges that Plaintiff learned that he was not hired one week after his interview in August 2010. FAC ¶ 12. Thus, from the face of Plaintiff's FAC, Plaintiff failed to timely file a charge with the EEOC within the time window required by Title VII.

Moreover, Plaintiff's FAC states that Plaintiff "continued to have discussions with Apple Inc. from August 2010 to August 2011, *to address the discrimination* alleged by Plaintiff." FAC ¶ 28 (emphasis added). Thus, Plaintiff's FAC shows that Plaintiff was aware in August 2010 that Defendant failed to hire Plaintiff for a potentially discriminatory reason. Plaintiff's argument regarding when his discrimination claim accrued is accordingly less compelling than the argument that the Ninth Circuit rejected in *Lukovsky*. *See Lukovsky*, 535 F.3d at 1048 (recognizing that the plaintiffs had no reason to believe that a discriminatory motive was behind their discharge until years after the plaintiffs were notified they did not receive the job).

In sum, the face of Plaintiff's FAC shows that Plaintiff's EEOC charge was untimely filed. Plaintiff's claim accrued in August 2010—or, at the latest, the first week of September—and Plaintiff filed his EEOC charge over 300 days after this date. Plaintiff accordingly failed to exhaust his administrative remedies prior to filing suit in federal court, a requirement of Title VII. *See Sommatino*, 255 F.3d at 707.

Nonetheless, although Plaintiff's filing with the EEOC was untimely, as stated above, Title VII's "time period for filing a charge remains subject to application of equitable doctrines such as tolling or estoppel." *Nat'l R. R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002). "Where the running of the statute of limitations appears on the face of a complaint, a plaintiff must allege

9
Case No.16-CV-03101-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

facts to support a plausible claim that the equitable tolling doctrine applies in order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6)." *Ilaw*, 2012 WL 381240, at *4 n.4.

Here, Plaintiff's FAC does not allege any facts to indicate that equitable tolling or estoppel is warranted.  "A party asserting equitable tolling must demonstrate that: (1) he has been diligent in pursuing his rights, and (2) extraordinary circumstances prevented him from filing on time." *Ilaw v. Daughters of Charity Hlth. Sys.*, 2012 WL 381240, at *5–6 (N.D. Cal. Feb. 6, 2012).  Plaintiff refers in his opposition to the "negotiations" that Plaintiff had with Defendant between August 2010 and 2011.  Pl. Op. at 2–4.  However, Plaintiff alleges no facts to suggest that these communications warrant equitable tolling of Title VII's filing requirements.  The doctrine of equitable tolling "is to be applied sparingly and is reserved only for 'extreme cases,' which is typically only 'when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, [or] when the EEOC's notice of the statutory period was clearly inadequate." *Ilaw*, 2012 WL 381240, at *5–6 (quoting *Scholar v. Pac Bell*, 963 F.2d 264, 267–68 (9th Cir. 1992)); *see also Long v. Paulson*, 349 F. App'x 145, 146 (9th Cir. 2009) ("[Plaintiff] failed to show that his alleged inability to receive notice of his claim due to his hospitalization was anything more than 'a garden variety claim of excusable neglect' which does not justify the application of equitable tolling" (quoting *Irwin v. Dep't of Veterans Affairs* , 498 U.S. 89, 96 (1990)).  Plaintiff's FAC alleges no facts that indicate that any similar "extraordinary circumstances" are present here.  *See Ilaw*, 2012 WL 381240, at *7 (dismissing Plaintiff's Title VII claim under Rule 12(b)(6) because Plaintiff did "not ple[a]d the existence of any extraordinary circumstances that prevented him from filing" on time).

Accordingly, the Court GRANTS Defendant's motion to dismiss.[2]  However, because it is not clear that amendment of Plaintiff's FAC is futile, and because Plaintiff is proceeding *pro se*,[3] the Court will allow Plaintiff leave to amend to allege sufficient facts, if any, as to why his Title VII claim should not be dismissed with prejudice for failure to timely exhaust.  *See Lopez*, 203 F.3d at 1127 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED with leave to amend.  Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of this Order.  Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims.  Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 27, 2016

_____
LUCY H. KOH
United States District Judge

---

[2] Given the untimeliness of Plaintiff's administrative filing with the EEOC, the Court need not reach Defendant's additional argument that Plaintiff has failed to state a claim because Plaintiff has failed to allege a prima facie case for racial discrimination.  Def. Mot. at 9–10.

[3] In denying as moot Defendant's first motion to dismiss, the Court referred Plaintiff to the Federal Pro Se Program.  ECF No. 21, at 2.  The Court again refers Plaintiff to the Federal Pro Se Program, which provides free legal advice to pro se individuals.  Appointments may be made with the Federal Pro Se Program by calling (408) 297-1480, or by stopping by Room 2070 at the San Jose Courthouse, 280 South First Street, San Jose, CA 95113.  More information is available at hppt://www.cand.uscourts.gov/helpcenterssj.