UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAMONT CARL CHAPPELL,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE COMPUTER INCORPORATED,<br><br>    Defendant. | Case No. 16-CV-03101-LHK<br><br>**ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

Plaintiff Lamont Carl Chappell, proceeding *pro se*, sues Defendant Apple Computer Incorporated ("Defendant" or "Apple") for racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. Before the Court is Defendant's motion to dismiss. ECF No. 41("Def. Mot."). The Court finds this motion suitable for decision without oral argument and hereby VACATES the motion hearing set for January 26, 2017, at 1:30 p.m. Civil L.R. 7-1(b). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS WITH PREJUDICE Defendant's motion to dismiss.

1

Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS

## I. BACKGROUND

### A. Factual Background

Plaintiff is an African-American male. ECF No. 40 (Second Amended Complaint, or "SAC"), at ¶ 4. Plaintiff worked for Defendant, a corporation located in Cupertino, California, "in various senior manager roles" from 1992 to 1997. *Id.* ¶¶ 5–9. During this period, Plaintiff "had a successful record of achievement." *Id.* ¶ 9.

After working at other companies from 1997 until 2009, *id.* ¶¶ 13–15, Plaintiff began looking for a new job in April 2009 and contacted Defendant, *id.* ¶ 8. Specifically, Plaintiff contacted Jae Allen ("Allen"), the "vice president of Operations division" at Defendant. *Id.* ¶ 10. Plaintiff knew Allen from Plaintiff's prior employment at Defendant. *Id.* Plaintiff asked Allen "to help [Plaintiff] get an interview to join the Operations division in a senior manager or director role." *Id.* Plaintiff states that Allen "complied eagerly, as [Allen] was familiar with [Plaintiff's] prior record at Apple." *Id.*

Allen referred Plaintiff to Walter Freeman ("Freeman"). *Id.* ¶ 11. In August 2010, Freeman interviewed Plaintiff for a position as "Global Sourcing Manager" in AppleCare Field Services. *Id.* ¶ 11 & Ex. A. Within one week of the interview, Plaintiff was informed that Plaintiff was denied the position. *Id.* ¶ 12. Plaintiff states that he was denied the job despite being "the most qualified for the position interviewed for with Walter Freeman." *Id.* ¶ 19. According to Plaintiff, Freeman's "qualifications and experience were far inferior to [Plaintiff's], which was very obvious [to Plaintiff] during the interview." *Id.* ¶ 11. Plaintiff further alleges that he "was denied the position, even though [his] resume and experience far exceeded the Apple manager's [he] interviewed with." *Id.* ¶ 12.

After being turned down for the position by Freeman, Plaintiff asked Allen whether Plaintiff's consulting company could be considered for a supplier role with Defendant. *Id.* ¶ 20.

Allen again directed Plaintiff to Freeman. *Id.* Freeman told Plaintiff that Apple was not interested, but Freeman did not do any "due diligence" into Plaintiff's company prior to rejecting Plaintiff's offer. *Id.*

Plaintiff "continued to have discussions with Apple Inc. from August 2010 to August 2011" in order "to address the discrimination" that Plaintiff alleged about his application process. *Id.* ¶ 28. According to Plaintiff, "[o]n August 18, 2011 Apple Inc. human resources executive Pam Oyanagi officially ended discussions" with Plaintiff about Plaintiff's discrimination allegation. *Id.* ¶ 29 & Ex. B.

### B.     Procedural History

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 23, 2011. *Id.* ¶ 30. On March 3, 2016, the EEOC issued Plaintiff a right to sue letter. *Id.* ¶¶ 31–32 & Ex. C.

On June 7, 2016, Plaintiff filed the instant lawsuit against Defendant. ECF No. 5 ("Compl."). Plaintiff's original complaint alleged that Defendant violated Title VII by failing to employ Plaintiff because of Plaintiff's race. *Id.* at ¶¶ 4–5. Plaintiff stated that Plaintiff interviewed for positions in Defendant's Computer Operation's Division in August and September 2010. *Id.* at ¶ 6. Plaintiff's complaint provided August 2010 as the date that the "alleged discrimination occurred." *Id.* Plaintiff stated that he filed an EEOC charge regarding Defendant's conduct in August 2011. *Id.* at ¶¶ 2–3.

On July 1, 2016, Defendant moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 12. Defendant argued that Plaintiff had failed to timely exhaust his administrative remedies prior to filing the instant lawsuit. *Id.* at 3. Specifically, Defendant asserted that Plaintiff filed his administrative charge with the EEOC "a full year after the alleged discriminatory conduct occurred, far beyond the 180-day time period

3
Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS

within which Plaintiff was required to file his charge of discrimination." *Id.* at 3. Defendant's motion to dismiss also asserted that Plaintiff had failed to state a claim for racial discrimination, even assuming that Plaintiff timely filed his administrative charge. *Id.* at 8.

Plaintiff amended his complaint on July 22, 2016. ECF No. 20 (First Amended Complaint, or "FAC"). Plaintiff's amended complaint included allegations regarding Plaintiff's "continued . . . discussions with Apple Inc. from August 2010 to August 2011, to address the discrimination alleged by Plaintiff." *Id.* ¶ 28. In light of Plaintiff's amendment of his complaint, the Court denied as moot Defendant's motion to dismiss on July 24, 2016. ECF No. 21.

On August 5, 2016, Defendant filed a second motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 23. Defendant again asserted that Plaintiff had failed to timely exhaust his administrative remedies and that Plaintiff had failed to state a claim. *Id.* at 5–12. Plaintiff opposed Defendant's motion to dismiss on August 19, 2016. ECF No. 32. Defendant replied on August 26, 2016. ECF No. 34.

On October 27, 2016, this Court dismissed with leave to amend Plaintiff's FAC. *See Chappell v. Apple Comp. Inc.*, 2016 WL 6277249 (N.D. Cal. Oct. 27, 2016). The Court held that Plaintiff had failed to exhaust his administrative remedies because Plaintiff filed his charge of discrimination with the EEOC on August 23, 2011, over 180 days after Plaintiff's claim accrued in August 2010. *Id.* at *5. The Court also held that Plaintiff's FAC did not allege any facts to show that Plaintiff was entitled to equitable tolling or estoppel. *Id.* at *6. Accordingly, this Court dismissed Plaintiff's FAC, but provided leave to amend to allow Plaintiff "to allege sufficient facts, if any, as to why his Title VII claim should not be dismissed with prejudice for failure to timely exhaust." *Id.*

Plaintiff filed a SAC on November 28, 2016. *See* SAC. On December 12, 2016, Defendant filed a motion to dismiss the SAC. *See* Def. Mot. On December 23, 2016, Plaintiff

4
Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS

filed a response in opposition. ECF No. 42 ("Pl. Resp."). On January 3, 2017, Defendant filed a reply. ECF No. 43 ("Def. Reply").

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B.   Leave to Amend

If the court concludes that a motion to dismiss should be granted, it must then decide

whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger*, *Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

## III.    DISCUSSION

### A.    Plaintiff Failed to Timely Exhaust Administrative Remedies

Defendant argues in its motion to dismiss that Plaintiff's Title VII claim fails because Plaintiff failed to exhaust his administrative remedies. "Timely exhaustion of administrative remedies is a statutory prerequisite to filing suit under Title VII." *Ilaw v. Daughters of Charity Hlth Sys.*, 2012 WL 381240, at *4 (N.D. Cal. Feb. 6, 2012) (citing *Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001)), *aff'd*, 585 F. App'x 572 (9th Cir. 2014). As this Court explained in its October 27, 2016 order, "[u]nder Title VII, timely exhaustion occurs when the plaintiff files a charge with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred.'" *Chappell*, 2016 WL 6277249, at *4 (quoting 42 U.S.C. § 2000e-5(e)(1)). "If, however, a plaintiff has initially instituted proceedings with a state or local agency with authority to grant relief from the allegedly unlawful employment practice, a plaintiff has 'three hundred days after the alleged unlawful employment practice occurred' to file a charge with the EEOC, or a plaintiff has 'thirty days after receiving notice that the state or local agency has terminated the proceedings under State or local law, whichever is earlier.'" *Id.* Plaintiff does

6

not allege that Plaintiff ever instituted proceedings with a state or local agency. *See generally* SAC. Accordingly, in order to timely exhaust his administrative remedies, Plaintiff was required to file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).[1]

As this Court held in its October 27, 2016 order, "Plaintiff's Title VII claim accrued at the time that Plaintiff learned that he was not hired." *Id.* at *4 (citing *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008)). Plaintiff alleges that he interviewed with Defendant in August 2010 and that Plaintiff learned that he was not hired within one week of the interview. SAC ¶ 12. Thus, at the latest, Plaintiff's claim accrued in the first week of September 2010. *See Chappell*, 2016 WL 6277249, at *5. However, Plaintiff did not file a charge with the EEOC until August 23, 2011. SAC ¶ 30. Accordingly, just as this Court held in its October 27, 2016 order dismissing Plaintiff's FAC, "from the face of Plaintiff's [complaint], Plaintiff failed to timely file a charge with the EEOC within the time window required by Title VII." *See Chappell*, 2016 WL 5277249, at *5.

However, Title VII's "time period for filing a charge remains subject to application of equitable doctrines such as tolling or estoppel." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). "Where the running of the statute of limitations appears on the face of a complaint, a plaintiff must allege facts to support a plausible claim that the equitable tolling doctrine applies in order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6)." *Ilaw*, 2012 WL 381240, at *4 n. 4. In its October 27, 2016 order dismissing the FAC, this Court granted Plaintiff leave to amend his complaint to allege facts to show that

---

[1] Moreover, as this Court explained in its October 27, 2016 order, "even if Plaintiff instituted proceedings with a state or local agency prior to filing his charge with the EEOC—a fact that Plaintiff does not allege—Plaintiff's EEOC charge would still be untimely under the longer 300-day window." *Chappell v. Apple Comp. Inc.*, 2016 WL 6277249, at *4.

7
Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS

Plaintiff is entitled to equitable tolling. *Chappell*, 2016 WL 6277249, at *6. Accordingly, the Court turns to consider whether Plaintiff has sufficiently alleged facts in his SAC to show an entitlement to equitable tolling.

### B.     Plaintiff is Not Entitled to Equitable Tolling

"A party asserting equitable tolling must demonstrate that: (1) he has been diligent in pursuing his rights, and (2) extraordinary circumstances prevented him from filing on time." *Ilaw*, 2012 WL 381240, at *5. The doctrine of equitable tolling "is to be applied sparingly and is reserved only for 'extreme cases,' which is typically only 'when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, [or] when the EEOC's notice of the statutory period was clearly inadequate." *Id.* (quoting *Scholar v. Pac Bell*, 963 F.2d 264, 267–68 (9th Cir. 1992)); *see also Long v. Paulson*, 349 F. App'x 145, 146 (9th Cir. 2009) ("[Plaintiff] failed to show that his alleged inability to receive notice of his claim due to hospitalization was anything more than 'a garden variety claim of excusable neglect' which does not justify the application of equitable tolling." (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The only factual allegation that Plaintiff has added to his SAC is that "[i]n this Second Amended Complaint, Plaintiff will demonstrate in court proceedings, discovery and testimony Defendant's purposeful extension of dialog for 1 year past the discrimination event, in order to make Defendant ineligible to pursue a discrimination complaint due to statutory time limitations." SAC ¶ 34. In support of this factual allegation, Plaintiff has attached "12 months of email and phone exchanges" that Plaintiff had with Defendant "pertaining to the discrimination that occurred in August 2010." *See id.* at 10. As discussed more fully below, however, these exchanges do not show that any "extraordinary circumstances" are present here such that Plaintiff is entitled to equitable tolling. *Ilaw*, 2012 WL 38120, at *5.

### 1. Plaintiff's Emails with Allen

First, Plaintiff attaches emails to his SAC that Plaintiff sent to and received from Allen. *Id.* at 13–29. Plaintiff alleges in his SAC that Plaintiff asked Allen "to help [Plaintiff] get an interview to join the Operations division" and that Allen "complied eagerly, as [Allen] was familiar with [Plaintiff's] prior record at Apple." *Id.* ¶ 10. The emails that Plaintiff attaches to his SAC are primarily emails that Plaintiff sent to Allen, prior to Plaintiff's interview at Defendant, in which Plaintiff asked Allen about open positions at Defendant. *See id.* at 13–29. Plaintiff also attaches an email that Plaintiff sent to Allen on October 12, 2010, after Plaintiff's interview, in which Plaintiff asked Allen: "[D]o all black applicants and business have to go through [] Freeman for vetting? This is not the Apple that I remember." *Id.* at 50. Allen responded: "I have no idea. This is not my area of expertise." *Id.*

Plaintiff's emails with Allen do not show or suggest that Allen, or anyone else at Defendant, performed actions "to make [Plaintiff] ineligible to pursue a discrimination complaint." *Id.* ¶ 34. Rather, even construing these emails in the light most favorable to Plaintiff, Plaintiff's emails with Allen show only that Plaintiff sought employment positions at Defendant, that Allen responded to Plaintiff's emails, and that Allen answered Plaintiff's questions. *See* SAC, at 13–29. Plaintiff's emails with Allen do not show that Plaintiff is entitled to equitable tolling. *See Ilaw*, 2012 WL 381240, at *5–6.

### 2. Plaintiff's Emails with Apple Human Resources

Second, Plaintiff attaches to his SAC emails that show that Plaintiff contacted Defendant's human resources department in 2011 about Plaintiff's discrimination allegation. Specifically, on July 21, 2011, Plaintiff reached out to Adrian Perica ("Perica") to ask "who was Apple Human resources top executive?" SAC, at 30. After Perica responded to Plaintiff that Defendant does not release that information, Plaintiff wrote to Perica that Plaintiff was "one of the top intellectual

9
Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS

property business managers in Silicon Valley" and that Plaintiff had "been systematically denied employment opportunities at [Defendant] for the past [two] years without explanation." *Id.* Plaintiff told Perica that Plaintiff "want[ed] to have a serious meeting with senior managers at [Defendant] to resolve [Plaintiff's] issues." *Id.*

On July 22, 2011, Renee Conmy ("Conmy"), Defendant's Corporate Employee Relations Director, emailed Plaintiff after learning of Plaintiff's email to Perica. *Id.* at 32. Conmy put Plaintiff in contact with Oyanagi, a human resources manager at Defendant, and in July and August 2011 Oyanagi investigated Plaintiff's allegation of discrimination. *Id.* at 34–70. Indeed, in August 2011, Plaintiff thanked Oyanagi "for the extensive investigation of [his] claims." *Id.* at 60. On August 14, 2011, Plaintiff wrote Oyanagi and stated that Plaintiff "would like to settle [his] claims with Apple for 4,500,000." *Id.* at 65. On August 16, 2011, Oyanagi responded to Plaintiff and expressed that she had "thoroughly investigated [Plaintiff's] concerns and did not find the hiring process unfair, inappropriate or in violation of Apple policy." *Id.* at 66. Oyanagi told Plaintiff that she had already shared this information with Plaintiff and that "[Defendant] consider[ed] this matter closed." *Id.*

Plaintiff's emails with individuals in Defendant's human resources department fail to show that Plaintiff is entitled to equitable tolling. Significantly, Plaintiff's attached emails show that Plaintiff did not speak to Defendant's human resources department about Plaintiff's alleged discrimination until July 21, 2011. *See id.* at 30. However, as discussed above, Plaintiff's Title VII claim accrued, at the latest, in the first week of September 2010. Under the time limits provided in Title VII, Plaintiff needed to file an EEOC charge within 180 days of the date that the alleged discrimination occurred, which would be the first week of March 2011. *See* 42 U.S.C. § 2000e-2(a)(1) (stating that a Plaintiff must file a charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred."). Accordingly, by July 21,

10
Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS

2011, the date that Plaintiff emailed Defendant's human resources department, the time window for Plaintiff to file a charge with the EEOC had already passed. *See* SAC, at 30.

Moreover, even assuming that the time window for Plaintiff to file a charge with the EEOC had not already passed by the time that Plaintiff contacted Defendant about his alleged discrimination, the content of the attached emails between Plaintiff and Defendant's human resources department do not show that Plaintiff is entitled to equitable tolling. As stated above, the doctrine of equitable tolling is limited to only "extreme cases," such as when a Defendant has "tricked [an] adversary into letting a deadline expire." *Ilaw*, 2012 WL 38120, at *5–6. By contrast, as the Ninth Circuit has noted, "[c]ourts have been generally unforgiving . . . when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Scholar*, 963 F.2d at 268 (quoting *Irwin*, 111 S. Ct. at 458). The allegations in Plaintiff's SAC and the emails discussed above, taken in the light most favorable to Plaintiff, show only that Plaintiff believed that Defendant discriminated against him, that Plaintiff contacted Defendant about this allegation, that Defendant investigated Plaintiff's allegations, and that Plaintiff attempted to settle the matter with Defendant, who refused. Plaintiff does not allege any facts, and the emails attached to Plaintiff's SAC do not evince any facts, that suggest that Defendant "tricked" Plaintiff into not filing a charge with the EEOC, or that Defendant was otherwise responsible for Plaintiff allowing the EEOC filing deadline to expire. *See Ilaw*, 2012 WL 38120, at *5–6. Plaintiff is not entitled to equitable tolling on the basis of his emails with Defendant's human resources department.

In sum, the Court concludes that Plaintiff has not pled the existence of any extraordinary circumstances that prevented Plaintiff from filing a charge of discrimination with the EEOC within the time limit required by Title VII. Plaintiff has not shown an entitlement to equitable tolling, and therefore his SAC must be dismissed. In its October 27, 2016 order dismissing

11
Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS

Plaintiff's FAC, this Court granted Plaintiff leave to amend "to allege sufficient facts, if any, as to why his Title VII claim should not be dismissed with prejudice for failure to timely exhaust." *Chappell*, 2016 WL 6277249, at *6. Because this is Plaintiff's third complaint, and because Plaintiff failed in his SAC to correct the deficiencies identified by this Court in its October 27, 2016 order, the Court finds that granting Plaintiff leave to file a fourth complaint against Defendant would be futile. *Leadsinger*, 512 F.3d at 532; *see also Ilaw*, 2012 WL 381240, at *8 (dismissing without leave to amend a plaintiff's second amended complaint where the Court had dismissed plaintiff's first amended complaint as time barred and the plaintiff failed to allege in its second amended complaint a basis for equitable tolling). Accordingly, Plaintiff's SAC is DISMISSED WITH PREJUDICE.

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 20, 2017

_____
LUCY H. KOH
United States District Judge

12
Case No. 16-CV-03101-LHK
ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS